**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————————

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

           **v.**                          **10-CR-233S**

**JOSE MARTINEZ, et al.,**

           **Defendants.**
———————————————————————

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions. Text Order of Referral dated August 12, 2010.

Presently pending is defendant Felix Vasquez's omnibus discovery motion. Dkt. #188.

The government filed opposition to defendant Vasquez's motion (Dkt. #204) and oral

argument was held on February 2, 2012; the transcript of oral argument was filed on

March 26, 2012 (Dkt. #225).


        On August 12, 2010, a Federal Grand Jury empaneled in the Western

District of New York returned a six-count Indictment charging defendants, Jose

Martinez, a/k/a "Noelle", Angel Luis Marcial, a/k/a "Bate", Juan DeJesus Santiago, a/k/a

"Javi", Felix J. Vasquez, a/k/a "Lolo" and Carlos A. Jorge Canales, a/k/a "Nito" with the

following crimes: conspiracy to possess and distribute cocaine and cocaine base

(Count 1) in violation of Title 21, United States Code, Section 846[1]; conspiracy to kill

Quincy Turner, a government witness, (Count 2) in violation of Title 18, United States

Code, Section 1512(k); the killing and the conspiracy to kill Quincy Turner to prevent his

communication with law enforcement (Count 3) in violation of Title 18, United States

Code, Sections 1512(a)(1)(C), 1512(a)(3)(A) and 2; conspiracy to retaliate against

Quincy Turner for providing information to a law enforcement officer (Count 4) in

violation of Title 18, United States Code, Sections 1513(f) and 1513(a)(2)(A); retaliation

against Quincy Turner for providing information to a law enforcement officer (Count 5)

in violation of Title 18, United States Code, Sections 1513(a)(1)(B) and 1513(a)(2)(A)

and 2; and the possession, use, and discharge of a firearm in connection with the killing

of Quincy Turner (Count 6) in violation of Title 18, United States Code, Sections

924(c)(1)(A)(iii), 924(j)(1) and 2.  Dkt. #1.  As against each named defendant, the

Indictment sets forth a Notice of Special Findings with respect to Counts 2 - 6 pursuant

to Title 18, United States Code, Sections 3591 and 3592 indicating, *inter alia*, that the

crimes charged in Counts 2 through 6 are crimes for which the government may seek a

sentence of death.

---

[1] As it was originally presented to the United States District Court for the Western District of New York, the instant Indictment was titled a "Second Superseding Indictment" in the case of *United States v. Quentin Leeper, et al.*, Case No. 08-CR-69 wherein Jose Martinez was a named defendant.  Only defendant Jose Martinez is charged in Count 1 of the instant Indictment.  For reasons unrelated to the matters presented herein, it was determined that the instant Indictment should be assigned a separate case number, 10-CR-233.

In his motion, defendant Vasquez seeks: a bill of particulars; discovery pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure; a bill of particulars; pretrial disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence; the immediate release of *Brady*, *Giglio* and *Jencks* Act material; and an audibility hearing. *See* Dkt. #188.

**Bill of Particulars**

By his motion, defendant Vasquez seeks particularization with respect to Counts 2, 4 and 6 of the instant Indictment. With respect to Counts 2 and 4, defendant Vasquez requests that the government state with specificity the "others" with whom Vasquez is alleged to have conspired to kill Quincy Turner. Dkt. #188, p.3. Finally, with respect to Count 6, defendant Vasquez requests that the government state: the date, time and place each defendant, including defendant Vasquez, is alleged to have "used" firearms; the date, time and place each defendant, including defendant Vasquez, is alleged to have "carried" firearms; the date, time and place each defendant, including defendant Vasquez, is alleged to have "discharged" firearms; the make, model and serial number of the firearms alleged to have been "used," "carried," and "discharged" by the defendants, including defendant Vasquez, and if the government alleges that defendant Vasquez had constructive possession of the firearms, state with specificity the facts upon which the government will rely in attempting to prove constructive possession. *Id*. at pp.3-4.

Although the government did not individually respond to each of

defendant Vasquez's requests for a bill of particulars, in its general response the

government states, in part,

> Defendant, despite the volume of discovery provided, has
> requested that the government file a Bill of Particulars
> enumerating and specifying, in great detail, aspects of the
> case.  The government maintains that the Indictment is
> sufficient and that the demand for a Bill of Particulars is
> unwarranted as to the defendant. The volume of discovery
> provided thus far provides an overall picture of the
> defendant's culpability and actions relative
> to the superceding [sic] indictment constituting all material
> presently within its possession that is within the purview of
> Rule 16 and in compliance with Rule 12(b)(4)(B). . . .
>
> Many of the particulars sought by the defendant relate to
> specific details of the conspiracies charged in the
> Indictment.  Additionally, the government does not have to
> prove overt acts to support such charges. However, the
> government is not required to prove exactly when or how a
> conspiracy was formed or when or how a particular
> defendant joined the scheme, and as the circumstantial
> proof from which the government usually relies to prove the
> existence of a scheme often does not reveal such details,
> the courts have consistently rejected demands for particulars
> as to the formation of a conspiracy or the entry into a
> conspiracy of a particular defendant or confederate. Nor is
> the government obligated to disclose the means by which it
> is charged that the bad and overt act was performed in
> furtherance of the conspiracy, which is most certainly true in
> a case of a prosecution under Title 21, United States Code,
> Section 846, in that it does not require the allegation or
> specification of overt acts.

Dkt. #204, pp.2-7 (internal citations omitted).  During oral argument, counsel for the

government stated that it has previously placed on the record its "view or vision" of the

evidence as it relates to each defendant's role in the murder of Quincy Turner and

further that the government should not be required to put into writing information that the defendants already know.  Dkt. #225, p.17.

        The defendant's requests are denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  With respect to Counts 2 and 4, defendant Vasquez asks that the government, among other things, identify the "others" that participated in the conspiracy to kill Quincy Turner, and state the dates each co-conspirator entered and left the conspiracy.  Where, as here, the charges involve violence, courts have declined to grant a request for a bill of particulars seeking the identity of unindicted co-conspirators. *See United States v. Santiago*, 174 F.Supp.2d 16, 36 (S.D.N.Y. 2001); *United States v. Columbo*, No. 04-CR-273, 2006 WL 2012511, at *6 n.18 (S.D.N.Y. July 18, 2006).  With respect to defendant Vasquez's requests concerning the firearms and the date, time and place each defendant used, carried and/or discharged the firearms, the government is not obligated to preview its case or expose its legal theory, nor is the government required to disclose the manner in which it will attempt to prove the charges or the precise manner in which the crimes charged in the Indictment were committed.  Finally, based on the representations made by counsel for the government concerning the discovery provided, the balance of the defendant's requests for particularization seek information already known by defendant Vasquez by reason of the discovery provided.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).


**Discovery**

**Rule 16 Discovery**

**A & B.        Defendant's Statements**

The defendant requests copies of any written or recorded statements made by him, as well as the substance of any oral statements he made. Dkt. #188, pp.4-7. Moreover, the defendant seeks the name, address and phone number of each person present when any such statement was made by the defendant. *Id.* In its response, the government states in pertinent part,

> [a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance

of any oral statements made by defendant before and after
arrest in response to interrogation by any person known to
the defendant to be a government agent.

Dkt. #204, p.7. Based on the representations made by counsel for the government, the

defendant's request is denied as moot.


### C.    Co-Conspirators' Statements

By this request, defendant Vasquez seeks the disclosure of all written,

recorded, or oral statements made by a co-defendant/co-conspirator, indicted or

unindicted, which the government alleges are admissible under Federal Rule of

Evidence 801(d)(2)(E). Dkt. #188. In its response, the government declines to provide

statements and the identities of all persons or co-conspirators interviewed and not

intended to be called by the government as outside the requirement of Title 18, United

States Code, Section 3500 and Rule 16 of the Federal Rules of Criminal Procedure.

Dkt. #204, p.8.


Although the government did not specifically respond to this expanded

request, Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure only authorizes

discovery by a defendant of his own statement and not those of a co-defendant, except

as may be otherwise provided for in Title 18, United States Code, Section 3500. Even

though statements of co-defendants are not discoverable under Rule 16(a)(1)(A), it is

possible to find that they are discoverable under Rule 16(a)(1)(E). However, based on

the record presently before this Court, a determination of whether such statements, to

the extent they exist, are discoverable under the *Jencks* Act (Title 18, United States Code, Section 3500) or under Rule 16(a)(1)(E) would be premature at this time. Accordingly, for the foregoing reasons, defendant Vasquez's request is denied without prejudice.

With respect to defendant Vasquez's request for the disclosure of co-conspirators' statements, the government declines to provide statements and the identities of all persons or co-conspirators interviewed and not intended to be called by the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the Federal Rules of Criminal Procedure.  Dkt. #204, p.8. Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time.  As a result, defendant's request in this regard is denied.

### D.    Defendant's Prior Criminal Record

By this request, defendant Vasquez requests a copy of his prior criminal record.  Dkt. #188, p.8.  Although the government does not specifically respond to this request, Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure mandates such disclosure.  Accordingly, to the extent the government has not already disclosed his prior criminal history to defendant Vasquez, such request is granted.

## E.     Documents and Objects

In nine requests, defendant Vasquez seeks the disclosure of documents and objects pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. More specifically, defendant Vasquez seeks the disclosure of all physical evidence, including but not limited to books, papers, documents, data, photographs, tangible objects, buildings or places, weapons, substances, physical samples or materials seized from or allegedly belonging to defendant Vasquez, any co-defendant or alleged co-conspirator, and any alleged victim, living or deceased.  Dkt. #188, pp.8-10.  In addition, defendant Vasquez seeks the disclosure of all physical evidence removed from the scene(s) of the alleged crime(s).  *Id*. at p.10.  Defendant Vasquez also requests copies of all photographs and videotapes, as well as maps, sketches or diagrams relating to the alleged charges which the government intends to offer in its case-in-chief.  *Id*.  In its response, the government states that it "has made available all tangible objects obtained pursuant to search, arrest or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to a defendant and pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against the defendant at trial."  Dkt. #204, p.8.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**F.      Reports of Examinations and Tests**

By this request, defendant Vasquez seeks the disclosure of the results of any physical and/or scientific examinations, tests and/or experiments within the government's possession and which are intended to be used as evidence in chief or which are material to the defense preparation.  Dkt. #188, pp.11-12.  In its response, the government states, "[t]he results and reports of any physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendant.  If any further reports are forthcoming, they will be provided upon receipt by the government."  Dkt. #204, p.8.  Accordingly, based on the representations made by the government that the requested documents and information have been or will be disclosed, defendant's request is denied as moot.


**G.      Expert Witness**

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, defendant Vasquez seeks the identities, qualifications, and summary of testimony of all expert witnesses the government intends to call at trial.  Dkt. #188, p.12.  In its response, the government states, "the government will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt. #204, p.8.  Accordingly, based on the government's representations that it will comply with its disclosure obligations under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Federal Rules of Evidence 702, 703 and 705, defendant's request is denied as moot.

## H.    Government Witnesses and Related Requests

Finally, defendant Vasquez seeks a written list of the names and addresses of all government witnesses the government intends to call in the presentation of its case-in-chief, in both the guilt and penalty phases of the trial.  Dkt. #188, p.12.  In addition, defendant Vasquez requests the criminal history of each such witness.  *Id*.  Moreover, defendant Vasquez requests a list of the names and addresses of all persons present or with personal knowledge of the utterances, statements or actions of the defendant upon which the government will rely.  *Id*. at p.13.  Lastly, defendant Vasquez seeks a list of the names of any prospective witnesses who have been in or are approved for the witness protection program.  *Id*.  The government has agreed to disclose written statements of witnesses and investigative agency or police department memoranda.  Dkt. #204, p.8.  The government has declined to provide statements and the identities of all persons or co-conspirators interviewed and not intended to be called by the government.  Rule 16 of the Federal Rules of Criminal Procedure does not require such disclosure, and because there has been no showing of need, the defendant's motion is denied.  *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

**Request for Disclosure Under Rule 12**

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, defendant Vasquez seeks the disclosure of any evidence that the government may use at trial so that the defendant can determine whether a motion to suppress under Rule 12(b)(3)(C) is appropriate. Dkt. #188, pp.13-16. Specifically, defendant Vasquez outlines the following categories of documents and information: evidence obtained through any search and seizure; evidence obtained through the execution of any warrant; evidence obtained through any electronic, visual or mechanical surveillance; evidence obtained through a beeper or tracking device; evidence obtained through the use of a mail cover; evidence obtained through any identification procedures; any written, recorded or oral statements of the defendants; and any statements by a "jailhouse informant." *Id*. at pp. 14-15. More specifically, defendant Vasquez requests the following specific information: the search warrant signed on October 7, 2008 authorizing the search of 81 Durnan Street, Rochester, New York and the search on October 29, 2008 of a 2001 Honda Odyssey minivan bearing vehicle identification number 2HKRL186X1H012545. *Id*. In its response, the government stated,

> [t]he defendant's next paragraphs (28A-B) seek to articulate a request for disclosure regarding materials seemingly obtained and now continuing to be used in violation of a protective order (08-CR-0210-CJS, Document 728, relating to Reynaldo Velez, et. al attached hereto)(Ex. 3). To that end, defendant seeks documents and evidence to which he is not entitled as well as to witness identification and statements in advance of any established statutory time frames. The government has continuously opposed the production of witness statements or identification of witnesses under the various claims of Brady, Kyles or Giglio.

Dkt. #204, p.9 (internal citations omitted). The substance of the defendant's requests concerning 81 Durnan Street and the 2001 Honda Odyssey were again discussed during oral argument. During oral argument counsel for defendant Vasquez asked the government, "are you intending to use evidence derived from the search of 81 Durnan Street or the Honda Odyssey in this case?" Dkt. #225, pp. 57-58. In response, counsel for the government stated, "I'll let you know." *Id*. at p.58 (as clarified by the audio recording of oral argument). Moreover, counsel for the government added, "Just so the record is clear, Judge, the government believes the Honda Odyssey was purchased with proceeds from this homicide whether anything is [sic] in that regard was obtained from the Honda Odyssey is certainly a matter of question. The Odyssey itself is an issue in this case, not what was seized from it." *Id*. (as clarified by the audio recording of oral argument).

Defendant Vasquez requests that the government disclose whether any evidence to be offered consists of or is derived from the any search and/or seizure. With the exception of the searches discussed briefly above, the record before this Court does not reveal whether there were in fact any search warrants sought, issued or executed in connection with any defendant. To the extent a search warrant relating to defendant Vasquez was sought, issued and/or executed, the defendant's request is granted. Defendant Vasquez further requests that the government state whether any evidence to be offered at trial relates to or is derived from any identification procedures. The government does not specifically respond to this portion of defendant's discovery request, however, to the extent any such identification procedures were utilized relative

to defendant Vasquez in the investigation of the instant case, the defendant's request

for the disclosure of any individual photographs, photo arrays and/or photo spreads and

records related thereto is granted.

The defendant next requests copies of any written or recorded statements

made by the defendants. This request was addressed above, wherein the Court stated,

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure only authorizes discovery

by a defendant of his own statement and not those of a co-defendant, except as may

be otherwise provided for in Title 18, United States Code, Section 3500. Even though

statements of co-defendants are not discoverable under Rule 16(a)(1)(A), it is possible

to find that they are discoverable under Rule 16(a)(1)(E). However, based on the

record presently before this Court, a determination of whether such statements, to the

extent they exist, are discoverable under the *Jencks* Act (Title 18, United States Code,

Section 3500) or under Rule 16(a)(1)(E) would be premature at this time. Accordingly,

for the foregoing reasons, defendant Vasquez's request is denied without prejudice.

Finally, defendant Vasquez seeks the disclosure of any evidence obtained

through the use of a beeper, mail cover or the installation of a mobile tracking device.

The government does not respond to this request and the Court is presently unaware

whether any application seeking the authorization to use a beeper, mail cover or to

install mobile tracking devices was presented to the Court and if so, whether the

application was granted. Accordingly, to the extent an application seeking authorization

to use a beeper, mail cover or to install a mobile tracking device relating to defendant Vasquez was presented, issued and/or executed, the defendant's request is granted.

**Brady and Giglio Material**

The defendant has made a broad request for the immediate disclosure of all materials potentially favorable to him, including evidence which is exculpatory and evidence which may be used for impeachment of government witnesses, which the Court interprets as a broad request for "*Brady*" and "*Giglio*" materials. Dkt. #188, pp.16-19.

The government has acknowledged its affirmative duty to provide a defendant with exculpatory evidence, as well as the evidence the defense might use to impeach the government's witnesses at the trial under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. Dkt. #204, pp.12-13. "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa,* 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834

F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning

such materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order issued by the trial judge. Accordingly, the defendant's request for such materials,

*i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to

comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*,

267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir.

2007) by making timely disclosure of those materials to the defendant.


**Rules 404, 608 and 609 Evidence**

Defendant Vasquez requests the pretrial disclosure of any evidence the

government intends to offer pursuant to Rule 404(b) of the Federal Rules of Evidence.

Dkt. #188, p.20. In addition, defendant Vasquez also requests the disclosure of all

evidence of prior bad acts that the government intends to use for impeachment of the

defendant, should he testify at trial pursuant to Rules 608 and 609 of the Federal Rules

of Evidence. *Id*. In its response, the government states,

> The defendant also reiterates his request for 404(b), 608(b)
> and 609(a) material (¶ 31) to be used to impeach the
> defendant. The government hereby notifies the defendant
> that it intends to introduce at trial, pursuant to Rule 404(b),
> all prior criminal conduct acts or wrongs for the purpose of
> showing proof of the defendant's motives, opportunity,
> intent, preparation, plan, knowledge, identity and/or absence
> of mistake or accident. This notice is only preliminary in
> nature and is not intended to foreclose the government from
> relying on other types of 404(b) evidence should it deem the
> introduction of such evidence appropriate at the time of trial.
> The government will provide the defendant with more

definitive notice of its intent to rely on 404(b) evidence one week prior to trial, or during trial if the court excuses pretrial notice on good cause shown.

The government believes it has disclosed a fair portion of the evidence in its possession — including the defendant's criminal record — which might fall within the ambit of these rules. As of this time, the government is unaware of any impeachment evidence falling within the ambit of Fed. R. Evid. 609. With respect to the disclosure of evidence which falls within the ambit of Fed. R. Evid. 608 or 609, the government notes that it has no obligation to provide the defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify. . . . The government declines to release any further impeachment information at this juncture. To provide defense counsel with advance notice of impeachment evidence — whether under Rule 609 or otherwise — would obviously destroy its effectiveness and would undermine the truth seeking function of the jury. As at least one court has held, there is simply "[n]o rule or rationale [which] guarantees the defense advance knowledge of legitimate impeachment before it calls a witness." It should be noted in this regard that the courts have refused to read the 1991 "reasonable notice" amendment to Rule 404(b) as requiring the pretrial disclosure of impeachment evidence.

Any questions with respect to the propriety and the timing of the disclosure of any further Rule 404(b), 608(b) and 609 information can be addressed to the Court at the time of the pretrial conference.

Dkt. #204, pp.13-15 (internal citations omitted).  In addition, attached to its response to

the instant motion is the government's July 19, 2011 letter to all defense counsel

wherein counsel for the government stated,

[a]dditionally, the defendants are advised that, in the context of 404(b) material, in August of 2008, defendant Juan DeJesus Santiago a/k/a Javi provided approximately one half kilogram of cocaine to an individual for distribution.  The individual reneged on returning the proceeds of said half kilogram to Santiago and, thereafter, purchased with the

proceeds a Lexus vehicle for $7,000. Defendant Santiago, on numerous occasions, assisted by co-defendants Felix Vasquez a/k/a Lolo and Carlos Canales a/k/a Nito, came armed and threatened another individual to obtain the title for the vehicle which they had previously taken from the individual. Also, on October 1, 2007, in a FedEx seizure in Puerto Rico, of [sic] approximately $56,000 in U.S. currency was obtained which had been sent by defendant Santiago to an individual in Puerto Rico to obtain quantities of controlled substances.

Dkt. #204-1, p.5.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

**Rule 3500 [*Jencks* Act] Material**

By this request, the defendant seeks the immediate/early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500 so as to avoid delays at the trial and to permit counsel to properly review the materials. Dkt. #188, p.21. Specifically, defendant Vasquez requests, "all statements and reports in the possession of the United States which were made by government witnesses or

prospective government witnesses and which relate to the subject matter about which those witnesses may testify." *Id*.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will disclose witness statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Rough Notes**

By this request, defendant Vasquez seeks an order requiring all government agents and officers who participated in the investigation to retain and

preserve all rough notes taken as part of their investigation whether or not the contents

of the notes are incorporated in official records.  Dkt. #188, pp.21-22.  In its response,

the government states, "[r]egarding rough notes, no such basis exists at this time for

providing the requested materials, if they exist.  The government will endeavor to

maintain such materials, if they exist.  This in no way should be construed as any

concession that said notes are subject to disclosure."  Dkt. #204, pp.8-9.


Although perhaps unnecessary, the government is reminded of its

obligation and the express admonition of the Court of Appeals for the Second Circuit

bears repeating in addressing this particular request of the defendant wherein the Court

stated:

> [W]e will look with an exceedingly jaundiced eye upon future
> efforts to justify non-production of a Rule 16 or Jencks Act
> "statement" by reference to "departmental policy" or
> "established practice" or anything of the like.  There simply is
> no longer any excuse for official ignorance regarding the
> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .  We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.


**Audibility Hearing**

By this request, the defendant seeks to reserve his right to request an audibility hearing.  Dkt. #188, p.22.  Defendant Vasquez notes that the government has not formally identified what recordings, if any, it will introduce at trial, however, once it does, an audibility hearing should be held.  *Id*.  In its response, the government states,

> [t]he defendant makes this claim without any claim that he is unable to understand any of these conversations.  The government is unaware of the basis for this request by the defendant.  Consistent with conventional practice as enunciated b [sic] the Second Circuit Court of Appeals . . . the government has no opposition to the Court's review of the recordings intended to be offered by the government.  The government, however, believes the CDs provided to all defendants' counsel, in the course of voluntary discovery are clearly audible and easily understood, though largely applicable only Count 1 in which defendant is not charged.

Dkt. #204, pp.15-16.


It would appear that neither counsel for the defendant nor counsel for the government have advised the Court that after a review of the audiotapes or CDs that may be used at trial by the government, there are any actual audibility problems or issues with respect to such tapes or CDs.  Therefore, the defendant's motion in this regard is denied without prejudice to the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility

issue that needs to be resolved by this Court.  As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tape or CD recordings prepared.  Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs.  Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**Joinder**

Defendant Vasquez also seeks to join in any and all motions made on behalf of the co-defendants, which apply to him and are not inconsistent with or adverse to his interests.  Dkt. #188, p.22.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the omnibus motion in which this defendant joins,

shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

By this request, defendant Vasquez states,

[w]e request the right to bring such other motions and relief as may be just, proper and equitable and reasonably consistent with the premise herein, and otherwise consistent with this Court's inherent jurisdiction in all matters before it and fairness in the administration of justice.

Dkt. #188, p.23.  In its response, while the government concedes that defendant Vasquez should be able to raise legal issues before trial to the extent they are not stale, the Court should nevertheless deny the request.  In support of its position, the government asserts, "the law does not permit the defendant to hold in reserve any argument he chooses for whatever reason he chooses, until a time that he chooses." Dkt. #204, p.16.  Subject to the limitations contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

**Government's Reciprocal Discovery Demand**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #204, pp.16-17.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to

introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect

all reports of physical or mental examinations and of scientific tests or experiments,

within the possession or control of the defendant along with written summaries of expert

witness testimony that the defendant intends to use at trial.  Since the defendant has

moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to

Rule 16(b)(1) of the Federal Rules of Criminal Procedure and its request is granted.


**Notice Pursuant to Federal Rule of Evidence 807**

In addition to its reciprocal discovery demand, pursuant to Federal Rules

of Evidence 803(24) and 804(b)(5)[2] the government seeks advance disclosure of any

statements the defendant proposes to utilize at a trial of this matter.  Dkt. #204, p.17.

Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be

admissible, the proponent give the adverse party reasonable notice of the intent to offer

the statement and its particulars, including the declarant's name and address.  Based

on the notice requirements set forth in Federal Rule of Evidence 807, the government's

request is granted.

---

[2] Federal Rules of Evidence 803(24) and 804(b)(5) were transferred to Federal
Rule of Evidence 807.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
              August 21, 2012

                            *s/ H. Kenneth Schroeder, Jr.*
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**