**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

          **v.**                              **10-CR-233S**

**JOSE MARTINEZ, et al.,**

          **Defendants.**

_____

## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Text Order of Referral dated August 12, 2010.

Presently pending is defendant Jose Martinez's Motion to Set Date for Authorization

Decision.[1]  Dkt. #257.  The government filed a response to defendant Martinez's motion

(Dkt. #262) and defendant Martinez thereafter filed a reply in further support of his

motion (Dkt. #263).  For the reasons set forth below, defendant Martinez's motion is

granted.


      On August 12, 2010, a Federal Grand Jury empaneled in the Western

District of New York returned a six-count Indictment charging defendants, Jose

Martinez, a/k/a "Noelle", Angel Luis Marcial, a/k/a "Bate", Juan DeJesus Santiago, a/k/a

_____

[1] In his motion, counsel for defendant Martinez states that he has consulted with
counsel for the two other death eligible defendants, Felix J. Vasquez and Carlos A.
Jorge Canales, and both defendants join in the instant motion.  Dkt. #257, ¶5.

"Javi", Felix J. Vasquez, a/k/a "Lolo" and Carlos A. Jorge Canales, a/k/a "Nito" with the following crimes: conspiracy to possess and distribute cocaine and cocaine base (Count 1) in violation of Title 21, United States Code, Section 846; conspiracy to kill Quincy Turner, a government witness, (Count 2) in violation of Title 18, United States Code, Section 1512(k); the killing and the conspiracy to kill Quincy Turner to prevent his communication with law enforcement (Count 3) in violation of Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A) and 2; conspiracy to retaliate against Quincy Turner for providing information to a law enforcement officer (Count 4) in violation of Title 18, United States Code, Sections 1513(f) and 1513(a)(2)(A); retaliation against Quincy Turner for providing information to a law enforcement officer (Count 5) in violation of Title 18, United States Code, Sections 1513(a)(1)(B) and 1513(a)(2)(A) and 2; and the possession, use, and discharge of a firearm in connection with the killing of Quincy Turner (Count 6) in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1) and 2. Dkt. #1. As against each named defendant, the Indictment sets forth a Notice of Special Findings with respect to Counts 2 - 6 pursuant to Title 18, United States Code, Sections 3591 and 3592 indicating, *inter alia*, that the crimes charged in Counts 2 through 6 are crimes for which the government may seek a sentence of death. Since the return of the instant Indictment, the government filed a Notice with respect to defendants Juan DeJesus Santiago and Angel Luis Marcial advising that it will not seek the death penalty. Dkt. ##124-125. Thereafter, defendant Juan DeJesus Santiago entered a plea of guilty. Dkt. #160.

By this motion, defendant Martinez, on behalf of himself and the two other death eligible defendants, defendants Vasquez and Canales, seeks a December 1, 2012 date by which counsel for the government must advise the death eligible defendants of the Attorney General of the United States' decision with respect to whether it will seek the death penalty.  Dkt. #257.  In its response, the government suggests that defendant Martinez and his death-eligible co-defendants are not entitled to be advised in a timely manner of the Attorney General's decision vis-à-vis the death penalty because other discovery-related matters are proceeding before the undersigned and before Chief Judge Skretny, including the defendants' exercise of certain appeal rights.  Dkt. #262.  The government's suggestion is absurd.

Defendants Martinez, Vasquez and Canales were indicted in August 2010 and since that time have been proceeding on two tracts, mitigation and defending the substantive charges in this Court.  The Court has been advised that counsel for the death eligible defendants met with the United States Attorney for the Western District of New York and his committee in mid-February 2012 and thereafter, met with the United States Department of Justice Capital Case Review Committee in Washington, D.C. on March 26, 2012.  Dkt. #257, ¶ 3.  Indeed, while at the March 26, 2012 meeting, defense counsel were advised to expect a decision within sixty (60) days.  *Id*.  Notwithstanding the foregoing, to date, there has been no decision by Attorney General Holder communicated to defense counsel on whether the death penalty will be sought.

The Judicial Conference of the United States has promulgated policies and guidelines for the administration of the Criminal Justice Act and those policies and procedures are set forth in its Guidelines for Administering the CJA and Related Statutes.[2]  The Court has consulted the U.S. Courts Guide to Judiciary Policy, Volume 7: Defender Services, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations, Section 670 Scheduling of Federal Death Penalty Case Authorization to Control Costs, which provides, in pertinent part,

> (a) Within a reasonable period of time after appointment of counsel under 18 U.S.C. § 3005, and only after consultation with counsel for the government and for the defendant (including, as appropriate, in an *ex parte* application or proceeding), the court should establish a schedule for resolution of whether the government will seek the death penalty.
>
> (b) This schedule should include dates for:
>> (1) the submission by the defendant to the U.S. attorney of any reasons why the government should not seek the death penalty;
>> (2) the submission by the U.S. attorney to the appropriate officials of the DOJ of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and
>> (3) filing of a notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or notification to the court and the defendant that it will not.

Guide to Judiciary Policy, Vol 7, Pt. A, Ch 6, Section 670.  In addition, the Guide provides that the schedule should be flexible and subject to extension for good cause at the request of either party.  *Id*.

---

[2]

http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx.

As detailed above, in the instant case, the first event contemplated in the schedule authorized in the Guide to Judiciary Policy has already occurred, *to wit*, the defense submissions to the United States Attorney of any reasons why the government should not seek the death penalty (February 2012).  Moreover, by reason of the fact that defense counsel has already met with the Department of Justice Capital Review Committee (March 26, 2012), the second event contemplated in the schedule authorized in the Guide to Judiciary Policy, the submission by the United States Attorney to the Department of Justice of a recommendation concerning whether the death penalty should be sought, has more than likely already occurred.  Accordingly, the only date remaining is a date for the filing of a notice pursuant to Title 18, United States Code, Section 3593(a) that the government will seek the death penalty or notification to the Court and the defendants that it will not.

Based on the fact that defense counsel met with the Department of Justice Capital Review Committee on March 26, 2012, five and one-half months ago and were told to expect a decision within sixty (60) days from that meeting, the Court finds that the setting of a deadline for the notification of whether the government will seek the death penalty is more than reasonable.  Accordingly, defendant Martinez' motion, in which defendants Vasquez and Canales have joined, is granted and counsel for the government is hereby ordered to either file a notice pursuant to Title 18, United States Code, Section 3593(a) that the government will seek the death penalty or notify the Court and counsel that it will not, no later than December 3, 2012.  Furthermore, any request seeking the extension of the December 3, 2012 deadline shall be made by

formal motion with notice to the opposing party, unless an *ex parte* application is justified, no later than November 19, 2012.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
            September 12, 2012

                                   *s/ H. Kenneth Schroeder, Jr.*
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**