UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

JOSE MARTINEZ, ANGEL LUIS MARCIAL,
FELIX J. VASQUEZ, JUAN DeJESUS SANTIAGO,
and CARLOS A. CANALES,

                Defendants.

**DECISION AND ORDER**
10-CR-233S (1)(2)(4)(5)

## I.  INTRODUCTION

Defendants Jose Martinez, Angel Luis Marcial, Felix J. Vasquez, and Carlos A. Canales all move for severance on the basis of misjoinder and prejudicial joinder. Martinez moved for severance on January 4, 2013. (Docket No. 298.) Marcial and Vasquez jointly moved for severance that same day. (Docket No. 299.) Canales moved to join both motions on January 8, 2013 (Docket No. 301). The government filed a joint response (Docket No. 315), and Martinez, Marcial, and Vasquez replied (Docket Nos. 322 and 325). For the following reasons, the motions for severance are denied and Canales's motion to join is granted.

## II.  BACKGROUND

**A.**  **The Indictment**

Defendants are charged in a 6-count indictment.

In Count 1, Martinez alone is charged with conspiring to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, and to manufacture, possess with intent to distribute, and to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. This conspiracy is alleged to have started on January 1, 2007, and

continued to June 2008.

In Counts 2-6, all Defendants are charged with federal crimes relating to the death of Quincy Turner, an individual who before his death was indicted in a separate action for participating in the conspiracy now charged in Count 1. See United States v. Leeper, et al., 08-CR-69S.

Count 2 charges Defendants with conspiring to kill Turner to prevent him from communicating information to a federal law enforcement officer about the drug conspiracy involving Martinez charged in Count 1, in violation of 18 U.S.C. § 1512(k). This conspiracy is alleged to have occurred between May 18 and 30, 2008.

Count 3 charges Defendants with killing Turner on May 30, 2008, to prevent him from communicating information to a federal law enforcement officer about the drug conspiracy involving Martinez charged in Count 1, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(3)(A), and 2.

Count 4 charges Defendants with conspiring to kill Turner in retaliation for Turner providing information to law enforcement, in violation of 18 U.S.C. §§ 1513(f) and 1513(a)(2)(A). Like the conspiracy charged in Count 2, this conspiracy is alleged to have occurred between May 18 and 30, 2008.

Count 5 charges Defendants with killing Turner on May 30, 2008, in retaliation for Turner providing information to law enforcement, in violation of 18 U.S.C. §§ 1513(a)(1)(B), 1513(a)(2)(A), and 2.

Count 6 charges Defendants with using, carrying, and discharging firearms in furtherance of the crimes charged in Counts 1-5, and causing the death of a person

2

through use of a firearm by killing Turner with a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2. This conduct is alleged to have occurred between May 18 and 30, 2008.

As noted above, the drug conspiracy charged in Count 1 was originally indicted under 08-CR-69S. That indictment charged 12 individuals, including Martinez and Turner, with the same conspiracy Martinez alone is now charged with in Count 1. Martinez was severed from the Leeper case on January 4, 2010, and the government later dismissed the indictment in 08-CR-69S as to Martinez on August 24, 2010, after the return of the indictment in this case on August 12, 2010. Excluding Martinez, all of the defendants in Leeper resolved their cases before trial.[1]

**B.  The Motions to Sever**

The thrust of Defendants' motions to sever is that Counts 1-6 are misjoined under Rule 8 of the Federal Rules of Criminal Procedure or prejudicially joined under Rule 14, because the drug conspiracy in Count 1 is not sufficiently connected to the charges relating to Quincy Turner's death in Counts 2-6. Defendants maintain that the drug and murder conspiracies are separate and distinct. In their view, the offenses charged in Count 1 and Counts 2-6 are not of the same or similar character, are not based on the same act or transaction, and are not part of a common scheme or plan. In support, they note that Marcial, Vasquez, Santiago, and Canales are not charged in the drug conspiracy and that the discovery provided by the government thus far contains no evidence that they participated in the drug conspiracy or even knew about it. Moreover, Marcial, Vasquez,

---

[1] Nine defendants in Leeper entered guilty pleas. The remaining two — Quincy Turner and Roger Leeper — died during the pendency of the criminal proceedings.

3

and Canales argue that even if the counts are properly joined, they will be prejudiced by the jury hearing extensive evidence of a drug conspiracy in which they are not charged.

The government disagrees. In its view, the essence of the case is that Martinez engaged in the drug conspiracy charged in Count 1 with various individuals, including Quincy Turner. At some point, Martinez learned or suspected that Turner was cooperating with law enforcement. To end that cooperation, Martinez contracted and conspired with Marcial, Vasquez, Santiago, and Canales to kill Turner. The conspiracy to kill Turner is therefore a continuation of the drug conspiracy such that both conspiracies are of similar character and part of the same series of acts, making proof of the drug conspiracy indispensable to a full understanding of the murder conspiracy.

### III. DISCUSSION AND ANALYSIS

**A.     Legal Standard**

Multiple offenses may properly be charged together in an indictment or information if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Similarly, multiple defendants may properly be charged together in an indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). But even if properly joined, offenses or defendants may be severed if joinder results in prejudice to a defendant or the government. FED. R. CRIM. P. 14(a). In such a case, the court may provide any relief that justice requires, including ordering separate trials of counts or severing the defendants' trials. Id.

Decisions on severance are reserved to the trial court's discretion and are considered by the Second Circuit to be "virtually unreviewable." See United States v. Harwood, 998 F.2d 91, 95 (2d Cir. 1993); United States v. LaSanta, 978 F.2d 1300, 1306 (2d Cir. 1992) (quoting United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991)). There is, however, a preference in the federal system that defendants who are indicted together be tried together. See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983). This is particularly true when the underlying crime involves a common scheme or plan, in which case the slight prejudice to co-defendants is outweighed by the judicial economies resulting from avoiding duplicative trials. See United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003); Cardascia, 951 F.2d at 482. Joint trials are efficient, "play a vital role in the criminal justice system," and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 209-10, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

**B.      Joinder of Offenses**

The question raised by Defendants' motions is whether the drug conspiracy (Count 1) and the murder conspiracy (Counts 2-6) are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). In this Court's view, they are.

First, as charged in the indictment, the two conspiracies overlap. The drug conspiracy is alleged to have existed from January 1, 2007, through June 2008, and the murder conspiracy is alleged to have existed within that time period — between May 18 and 30, 2008. Defendants contest this allegation on the basis that the drug conspiracy in

Leeper was alleged to have concluded on or about March 18, 2008. Although that may be true, it does not change the fact that here, the indictment charges overlapping conspiracies.

Second, the drug and murder conspiracies share some of the same transactions. According to the government, Martinez and Turner participated in the drug conspiracy together to such an extent that Turner had knowledge of Martinez's involvement that law enforcement would find useful. This knowledge, and Turner's suspected willingness to cooperate with law enforcement, forms the motive for the murder conspiracy, which was formed to prevent Turner from cooperating against Martinez. Consequently, the drug and murder conspiracies are at least in part based on the same transactions.

Third, the grand jury found probable cause to believe that all defendants participated in both conspiracies to some extent as evidence by its allegations in Count 6 that each of the six defendants committed firearms offenses related to both conspiracies. That is, Marcial, Vasquez, and Canales are each charged with using, carrying, and discharging firearms not only in furtherance of the murder conspiracy, but also the drug conspiracy charged in Count 1.

Finally, given the interwoven nature of the two conspiracies, they may properly be considered part of a common scheme or plan. That is, the conspiracy to murder Turner may be considered a continuation of or offshoot of the underlying drug conspiracy, particularly since evidence of the drug conspiracy will also be relevant to proving the murder conspiracy. See United States v. Blakney, 941 F.2d 114, 116 (2d Cir. 1991) ("Joinder is proper where the same evidence may be used to prove each count.").

6

For these reasons, this Court finds that the six counts in the indictment are properly joined under Rule 8(a).

**C.      Joinder of Defendants**

For the reasons just stated, the six defendants are also properly joined under Rule 8(b), because they are alleged to have participated in the same transactions or series of transactions.  The question here is whether this joinder prejudices any of the defendants, as contemplated by Rule 14.  To establish prejudicial joinder, Defendants must demonstrate "prejudice so substantial as to amount to a miscarriage of justice."  United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988) (citing United States v. Bari, 750 F.2d 1169, 1177 (2d Cir. 1984)).

Defendants Marcial, Vasquez, and Canales maintain that they will be prejudiced if they are not severed from Martinez because the jury will hear evidence of Martinez's involvement in Count 1, which they maintain does not involve them.  They also assert that they will be prejudiced by the introduction of Rule 404(b) evidence against Martinez, but they concede that the government has not notified them of any intention to present such evidence.  Defendants also maintain that Bruton[2] issues may require severance, but they concede that they are not aware of any Bruton issues at this time.  Essentially, then, Defendants' argument boils down to their contention that they will be prejudiced by the jury hearing evidence of Martinez's involvement in Count 1.[3]

---

[2] Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)

[3] Defendant Martinez also argues that severance is required to avoid the expense of assigned counsel sitting through the evidence of Count 1.  To the extent this argument is raised under Rule 14, it must be denied because Martinez fails to demonstrate any prejudice to *himself* arising from such a situation.

7

At the outset, the premise of Defendants' argument is incorrect, since this Court finds that Count 1 is sufficiently related to Count 2. In any event, some level of prejudice stemming from the introduction of evidence against a co-defendant is present in all joint trials. See United States v. Carpenter, 689 F.2d 27 (2d Cir. 1982) (noting that "a certain amount of prejudice to a defendant is regarded as acceptable given the judicial economies that result from joinder"). Curative instructions ameliorate this prejudice, and Defendants have not shown that curative instructions will be ineffective in this case. See Richardson, 481 U.S. at 211 (noting the rule that juries are presumed to follow their instructions). In addition, Defendants have failed to establish a serious risk that a trial right will be compromised or that a joint trial will prevent the jury from making a reliable judgment about guilt or innocence. See Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The lack of substantial prejudice paired with the strong federal policy favoring joint trials leads to the conclusion that Defendants' request for severance must be denied.

## IV. CONCLUSION

At this time, Defendants' Motions for Severance are denied and Defendant Canales's Motion to Join is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motions for Severance (Docket No. 298 and 299) are DENIED.

FURTHER, that Defendant Carlos A. Canales's Motion to Join (Docket No. 301) is GRANTED.

SO ORDERED.

Dated: April 10, 2013
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court