**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**
                  v.                                                10-CR-233S

**JOSE MARTINEZ, et al.,**

                  **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Text Order of Referral dated August 12, 2010. Presently pending before the Court is defendant Felix J. Vasquez's [according to counsel for the defendant, the correct spelling of the defendant's last name is Vazquez] motion seeking an order:

    a.    requiring the government to produce to the Court for its *in camera* review the entirety of the *Jencks* material from the Rochester case [*United States v. Velez, et al.*, 08-CR-6210-CJS];

    b.    permitting counsel for defendants Martinez, Vazquez, Canales, and Marcial to review this *Jencks* material;

    c.    permitting counsel to identify to the Court, *ex parte* and under seal, the specific information each believes should be disclosed; and

    d.    thereafter, requiring the government to disclose this information - under the conditions of a protective order if deemed necessary - for the defendants to use as they deem appropriate.

Dkt. #305-1, ¶ 4(a)-(d). In support of the instant motion and for reasons that will be

explained below, counsel for Vazquez submitted to this Court an *ex parte* affidavit which the Court will direct be filed under seal.  Co-defendant Angel Luis Marcial, a/k/a "Bate" has filed a motion to join the instant motion.  Dkt. #307.  Co-defendant Marcial's motion to join (Dkt. #307) is granted with the further directive and finding that the decision made by this Court as set forth below as to defendant Vazquez's motion shall also be deemed to be the finding and Order of this Court as to the defendant Marcial.  The government filed opposition to the instant motion.  Dkt. #320.  Oral argument on the instant motion was held on March 18, 2013.

On August 12, 2010, a Federal Grand Jury empaneled in the Western District of New York returned a six-count Indictment charging defendants, Jose Martinez, a/k/a "Noelle", Angel Luis Marcial, a/k/a "Bate", Juan DeJesus Santiago, a/k/a "Javi", Felix J. Vasquez [sic], a/k/a "Lolo" and Carlos A. Jorge Canales, a/k/a "Nito" with the following crimes:  conspiracy to possess and distribute cocaine and cocaine base (Count 1) in violation of Title 21, United States Code, Section 846; conspiracy to kill Quincy Turner, a government witness, (Count 2) in violation of Title 18, United States Code, Section 1512(k); the killing and the conspiracy to kill Quincy Turner to prevent his communication with law enforcement (Count 3) in violation of Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(A) and 2; conspiracy to retaliate against Quincy Turner for providing information to a law enforcement officer (Count 4) in violation of Title 18, United States Code, Sections 1513(f) and 1513(a)(2)(A); retaliation against Quincy Turner for providing information to a law enforcement officer (Count 5) in violation of Title 18, United States Code, Sections 1513(a)(1)(B) and 1513(a)(2)(A)

and 2; and the possession, use, and discharge of a firearm in connection with the killing of Quincy Turner (Count 6) in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1) and 2. Dkt. #1. As against each named defendant, the Indictment sets forth a Notice of Special Findings with respect to Counts 2 - 6 pursuant to Title 18, United States Code, Sections 3591 and 3592 indicating, *inter alia*, that the crimes charged in Counts 2 through 6 are crimes for which the government may seek a sentence of death. The government has since notified the defendants and the Court that it will not seek the death penalty against any of the defendants.

## PROCEDURAL BACKGROUND

### *United States v. Velez, et al.*

Matthew R. Lembke was assigned to represent Felix Vazquez in connection with the *United States v. Velez, et al.;* 08-CR-6210 matter that was pending in the Rochester division of the Western District of New York. Dkt. #305-1, ¶ 3. Although the instant matter and the *Velez* matter are not "related," defendants Felix Vazquez and Juan DeJesus Santiago are common to both cases and upon information and belief, there are *Velez* defendants and/or witnesses who may be cooperating and may be witnesses in the instant matter. In or about July 2011, the trial for some of the *Velez* defendants (including Vazquez) was rapidly approaching and in anticipation of fulfilling its obligation to disclose *Jencks* Act material, the government filed a motion for a protective order to limit the defendants' ability to disseminate and use the material. *Id*. at ¶ 8. With the consent of counsel for the remaining *Velez* defendants, on August

1, 2011, United States District Judge Siragusa issued a protective order limiting the defendants' ability to use and disseminate information in the *Jencks* Act material. *Id*. at ¶ 9.

Among other things, the protective order required that at the conclusion of the *Velez* matter, the defendants had to return all copies of the *Jencks* Act material to the government. *Id*. Following the filing of the protective order on August 1, 2011, the government disclosed the *Jencks* Act material only to those defendants whose cases were still pending. *Id*. at ¶ 10. Specifically, the protective order provided,

> ORDERED, that the material set forth above [Rule 3500/Jencks Act and Giglio materials] shall be used by counsel for the defendant and the defendant solely in connection with trial or other proceedings in this action, including any appeals, and shall not be disclosed, shown, or distributed in any manner to third parties by the defendant or counsel, except that counsel may provide said materials to those persons or entities employed or engaged for the purpose of assisting in the defense of this action . . .

Case No. 08-CR-6210, Dkt. #728. In September 2011, defendant Vazquez pleaded guilty to one-count of using a telephone to commit the crime of the distribution of heroin in violation of Title 21, United States Code, Section 843(b). *Id*. at ¶ 6. On May 8, 2012, Defendant Vazquez was sentenced to a term of imprisonment of 15 months, which he had already served because he had been in custody on that charge since in or about February 2008.

Based on his careful review of the *Jencks* Act material supplied in the *Velez* case, although he is not permitted to publicly disclose the specific information learned from the *Velez Jencks* Act material, counsel for defendant Vazquez, Matthew R. Lembke, states in support of the instant motion, that "as a result of my review, I found information in the Rochester case *Jencks* material that is pertinent - if not legally relevant - to the Buffalo case. I also found documents that should have been disclosed under Fed.R.Crim.P. in the context of both the Rochester *and* the Buffalo case. These "Rule 16" documents were not provided by the Rochester case prosecutor until we got the *Jencks* material. They have never been provided by the Buffalo case prosecutor." *Id*. at ¶ 12. As a result of what he found relating to the Buffalo case in the *Velez Jencks* Act material, counsel for defendant Vazquez filed three separate motions before Judge Siragusa seeking to modify the protective order. In his publicly filed affidavit in support of the instant motion, counsel describes each of the three motions and his discussions and negotiations with counsel for the government and Judge Siragusa concerning the *Velez Jencks* Act material.

In March 2012, defendant Vazquez filed his first of three motions seeking to modify the protective order to permit counsel to share the *Velez Jencks* Act material with counsel in the instant case. The government objected and Judge Siragusa denied the motion, except counsel for Vazquez was permitted to review the *Velez Jencks* Act material to identify any material that was "directly exculpatory" and that material could then be submitted to Judge Siragusa for his review to determine whether it needed to

be disclosed. *Id*. at ¶ 14. Based on the terms of the protective order, counsel for defendant Vazquez was expected to return the *Jencks* Act material on the date of Vazquez's sentencing (May 8, 2012), however, counsel requested that he be permitted additional time to review the material for any "directly exculpatory" material. *Id*. at ¶¶ 15-17. Judge Siragusa gave Vazquez's counsel until June 22, 2012 to review the *Jencks* Act material. *Id*. at ¶ 17. Ultimately, counsel for Vazquez concluded that none of the materials were "directly exculpatory" to a Buffalo case defendant as that phrase was defined by Judge Siragusa. *Id*. at ¶ 18. Accordingly, counsel for Vazquez returned the *Velez Jencks* Act material to the government. *Id*. at ¶ 19. In his accompanying June 22, 2012 letter, counsel for Vazquez asked that the prosecutor maintain the records because he intended to bring the instant motion. *Id*.

Finally, on August 22, 2012, counsel for Vazquez filed a third motion before Judge Siragusa seeking a modification of the protective order to allow for the dissemination of the *Jencks* Act material to this Court for an *in camera* review. In addition, counsel for Vazquez requested that if the Court ordered the government to produce the *Jencks* Act material for its *in camera* review, that he be permitted to review the material again so that he could identify with specificity the materials that should be disclosed to the defendants in the instant case. *Id*. at ¶ 20. In response to his third and final motion, Judge Siragusa wrote a letter to counsel wherein he stated,

> [p]erhaps, the U.S. Attorney's Office will decide to err on the side of caution and consent to Mr. Lembke's application or at least agree to in camera disclosure to Judge Schroeder. Such disclosure to Judge Schroeder would in no way be

> prejudicial to the government and would frankly seem to be
> a wise course of action. In any event, the Court will give Ms.
> Noto until August 29, 2012, to notify chambers whether the
> issue has been resolved, either by consent of the
> government or compromise with Mr. Lembke.

Dkt. #305-2, p.25. In its August 29, 2012 response, the government objected to

Vazquez's counsel's request for a modification of the protective order stating that,

> [t]o the extent that disclosure of any materials is sought
> related to the case of United States v. Martinez, et., al. (10-
> CR-00233), such motion should properly be brought before
> Magistrate Judge Schroeder, per the Order of United States
> District Court Judge William M. Skretny. See text order of
> referral dated August 12, 2010. To the extent a court of
> proper jurisdiction orders any disclosure, the United States,
> will, of course, comply, and does not intend to invoke the
> protective order issued in the Velez matter. The United
> States is also mindful of its *Brady* disclosure obligations.

Dkt. #305-2, pp. 26-28. On September 7, 2012, Judge Siragusa wrote to counsel in the

*United States v. Velez, et al.* matter, stating,

> I am in receipt of Ms. Noto's letter of August 29, 2012,
> written in response to Mr. Lembke's latest application
> seeking modification of the protective order which I issued
> in connection with the above captioned case. In her
> correspondence, Ms. Noto suggests that any request for
> disclosure of the discovery materials in the Velez case
> should be made to Magistrate Judge Kenneth Schroeder or
> Chief Judge William Skretny in the pending case of *United
> States v. Martinez, et al.* (10-CR-0233). I certainly have no
> problem with Judge Schroeder or Judge Skretny deciding
> the matter, since they are in a better position to decide the
> relevance of the items being sought.

Dkt. #305-2, pp.29-30. At the specific request of Judge Siragusa, Vazquez's counsel,

Matthew R. Lembke responded on September 14, 2012 wherein he stated,

> [b]ased on Ms. Noto's letter of August 29, 2012, and her
> position that the government does not intend to invoke the
> *Velez* protective order in the context of a motion brought

> before Judge Schroeder or Judge Skretny in the case of *United States vs. Martinez*, I do not believe it is necessary for the Court to rule on my pending motion for modification of the protective order. Accordingly, I will withdraw that motion without prejudice. And I will bring a motion before the district court in Buffalo in the context of the *Martinez* case, requesting that court order the government to produce the *Velez Jencks* material for *in camera* review.

Dkt. #305-2, pp.31-32.

**The Instant Motion**

On January 9, 2013, defendant Vazquez filed the instant motion seeking the disclosure of the *Velez Jencks* Act material for an *in camera* review. Dkt. #305. By the motion, defendant Vazquez asks that the government be directed to deliver to this Court the entirety of the *Velez Jencks* Act material for *in camera* review. In support of his motion and in his publicly-filed affidavit, Matthew R. Lembke states, "my review of this material has revealed that there is information contained in it that is relevant, pertinent, and important to the defendants in the Buffalo case. In my professional opinion, it is necessary for the lawyers in the Buffalo case (including me) to have this information, and be able to use it, in order to provide meaningful and effective representation to the defendants both in preparing for trial, and in trying to resolve the case before trial." Dkt. #305-1, ¶ 26.

In addition to the reasons offered in his publicly-filed affidavit, Matthew R. Lembke submitted to this Court an *ex parte*, under seal affidavit setting forth examples of the information which he believes should be disclosed to the defendants. The Court

has carefully reviewed Mr. Lembke's *ex parte* affidavit and hereby directs the Office of the Clerk to file the "Attorney Affidavit Filed *Ex Parte* Under Seal in Support of Motion for Production of Documents *in camera* and for Other Relief" under seal. As a threshold matter, the Court notes that Mr. Lembke's affidavit filed under seal does not purport to be an "exhaustive list of information that applies to the Buffalo case," rather, Mr. Lembke has chosen examples based upon his prior *ex parte* submission to Judge Siragusa, his notes and his memory. Dkt. #305-1, ¶ 28. Notwithstanding Mr. Lembke's limitations, including the fact that consistent with the protective order entered in the *Velez* case, he had to return the *Jencks* Act material, the examples he has set forth are detailed and give this Court a sufficient basis on which to reach its conclusion.

Based on Mr. Lembke's summaries, this Court believes that there are several categories of documents or information pertinent to the instant case, which, after a closer inspection may, at different times during this case, need to be disclosed to defense counsel. For example, information relating to the motive for the Turner homicide may fall into the category of information "material to the preparation of the defense" and should therefore be immediately disclosed pursuant to Rule 16 or such information may be considered *Jencks* Act material and is not subject to disclosure until later. Other information may constitute 404(b) material for which the government may have already provided sufficient notice as required by the rule. Absent a closer inspection of these documents and information, this Court is unable to determine what, if anything, is subject to immediate disclosure, what must be disclosed at a later time,

and what should remain subject to Judge Siragusa's protective order. Accordingly, this Court hereby directs the government to return to Mr. Lembke a complete copy of the *Velez Jencks* Act material subject to Judge Siragusa's protective order no later than June 11, 2013. Mr. Lembke in turn is directed to immediately review the *Velez Jencks* Act material and isolate those documents or information he believes to be pertinent in any way to the instant matter, erring on the side of inclusion rather than exclusion. Once Mr. Lembke has identified those documents he believes to be pertinent to the instant matter, he is directed to turn those documents and information over to this Court *ex parte* for an *in camera* review. Mr. Lembke shall submit with those documents and information a detailed affidavit *ex parte* and under seal setting forth an explanation as to why he believes them to be pertinent no later than July 9, 2013. The Court will then immediately undertake an *in camera* review of those documents and information and make a determination as to what, if anything, should be disclosed to all counsel, when that disclosure should take place and why.

DATED:   Buffalo, New York
         May 28, 2013

                                          *s/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**