**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        Plaintiff,
        v.                                              10-CR-233S

**JOSE MARTINEZ, et al.,**

        Defendants.

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Text Order of Referral dated August 12, 2010. Presently pending before the Court is defendant Felix J. Vasquez's [according to counsel for the defendant, the correct spelling of the defendant's last name is Vazquez] motion seeking an order:

    a.    requiring the government to produce to the Court for its *in camera* review the entirety of the *Jencks* material from the Rochester case [*United States v. Velez, et al.*, 08-CR-6210-CJS];

    b.    permitting counsel for defendants Martinez, Vazquez, Canales, and Marcial to review this *Jencks* material;

    c.    permitting counsel to identify to the Court, *ex parte* and under seal, the specific information each believes should be disclosed; and

    d.    thereafter, requiring the government to disclose this information - under the conditions of a protective order if deemed necessary - for the defendants to use as they deem appropriate.

Dkt. #305-1, ¶ 4(a)-(d).[1] In support of the instant motion counsel for Vazquez submitted to this Court an *ex parte* affidavit summarizing the categories of documents and information contained in the *Velez* Jencks material, which the Court previously directed be filed under seal. Dkt. #343. The government filed opposition to the instant motion. Dkt. #320. Oral argument on the instant motion was held on March 8, 2013. Thereafter, on May 28, 2013, this Court issued a Decision and Order wherein it concluded that, "[a]bsent a closer inspection of these documents and information, this Court is unable to determine what, if anything, is subject to immediate disclosure, what must be disclosed at a later time, and what should remain subject to Judge Siragusa's protective order." Dkt. #342, pp.9-10. Accordingly, this Court directed the government to return to Mr. Lembke a complete copy of the *Velez Jencks* Act material subject to Judge Siragusa's protective order and in turn, Mr. Lembke was directed to immediately review the *Velez Jencks* Act material and isolate those documents or information he believes to be pertinent in any way to the instant matter, erring on the side of inclusion rather than exclusion. Thereafter, as directed by this Court, Mr. Lembke turned those documents and information, together with a detailed affidavit *ex parte* and under seal setting forth an explanation as to why he believes them to be pertinent, over to this Court *ex parte* for an *in camera* review.

---

[1] As noted in an earlier Decision and Order, co-defendant Angel Luis Marcial's motion to join the instant motion (Dkt. #307) has been granted and the decision made by this Court as set forth below as to defendant Vazquez's motion shall also be deemed to be the finding and Order of this Court as to the defendant Marcial. *See* Dkt. #342.

This Court has undertaken its review of the documents, information and affidavit submitted *ex parte* and under seal by Mr. Lembke. This Court hereby directs the Office of the Clerk to file Mr. Lembke's original affidavit dated August 7, 2013 under seal and to manually file and maintain the small box containing the *United States v. Velez, et al.* Jencks Act material (hereinafter labeled Court Exhibit A) in the Office of the Clerk under seal. Based on its *in camera* review of the *United States v. Velez, et al*. Jencks Act material initially disclosed pursuant to a Protective Order issued by United States District Judge Charles J. Siragusa (*see United States v. Velez, et al.*, 08-CR-6210, Dkt. #728), this Court has determined that the same total package of documents (Court Exhibit A) should be disclosed to defense counsel herein. In reaching this determination, the Court has concluded that contained within those documents are materials or information that could be exculpatory evidence pursuant to *Brady v. Maryland*, information that impeaches the credibility of the government's witnesses pursuant to *Giglio v. United States*, prior statements of a government witness pursuant to the Jencks Act and/or information subject to disclosure pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The Court notes that because of the fact that these materials had already been disclosed by the government pursuant to a Protective Order in *United States v. Velez, et al*., there is no reason for non-disclosure here, pursuant to the identical language contained in Judge Siragusa's Protective Order.

Accordingly, for the foregoing reasons, this Court finds that the materials submitted to this Court for its in camera review (Court Exhibit A) shall be disclosed by

the government to counsel for all defendants no later than November 15, 2013.

It is hereby, ORDERED, that the material set forth above shall be used by counsel for the defendants and the defendants solely in connection with trial or other proceedings in this action, including any appeals, and shall not be disclosed, shown, or distributed in any manner to third parties by the defendants or counsel, except that counsel may provide said materials to those persons or entities employed or engaged for the purpose of assisting in the defense of this action; and it is further

ORDERED, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the above mentioned material to the government.

**SO ORDERED.**

DATED:  Buffalo, New York
        October 11, 2013

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**